UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESSICA CASSOLA, on his own behalf and others similarly situated,

    Plaintiff,

v.

BRAVO INSRUANCE GROUP, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

**COMPLAINT**

COMES NOW the Plaintiff, JESSICA CASSOLA, on behalf of herself and other employees and former employees similarly situated and by and through her undersigned counsel, and hereby files this Complaint against Defendant, BRAVO INSURANCE GROUP, INC., a Florida Profit Corporation, and states in support as follows:

**JURISDICTION**

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter called the "FLSA"), and Article X, Section 24 of the Florida Constitution to recover unpaid overtime compensation, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 216(b).

1

## PARTIES

3. At all times material hereto, Plaintiff was and continues to be a resident of Miami-Dade County, Florida.

4. At all times material hereto, Defendant was an insurance company engaged in business in Florida and with a principal place of business in Florida.

5. Defendant is an insurance company located in Miami-Dade County. As a result of the services provided by Defendant, two or more of its employees regularly handled and worked with goods and materials moved in or produced in commerce.

6. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA. Specifically, Plaintiff utilized and handled equipment and goods manufactured and purchased from outside the State of Florida.

7. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the FLSA.

8. At all times material hereto, Defendant was Plaintiff's employer within the meaning of the FLSA.

9. At all times material hereto, Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA. Specifically, Defendant purchased equipment and products manufactured outside the State of Florida.

10. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material hereto, Plaintiff was "engaged in commerce" and subject to the individual coverage of the FLSA.

13. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to individual coverage under the FLSA.

14. The additional persons who may become plaintiffs in this action are and were hourly paid employees of the Defendant, who held similar positions to Plaintiff, and who worked in excess of forty (40) hours during one of more work weeks during the relevant time periods but who did not receive pay at one and a half times their regular rate for their hours worked in excess of forty (40).

15. At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendant.

## STATEMENT OF FACTS

16. From approximately October 2010 through October 2011, Plaintiff was employed with Defendant as an hourly paid employee.

17. At various material times during the last two years, Plaintiff worked for Defendant in excess of forty (40) hours within a workweek.

18. During the time period from October 2010 through October 2011, Defendant failed to compensate Plaintiff for all hours worked in excess of forty (40) within a single workweek. Plaintiff should be compensated at the rate of one and a half times Plaintiff's regular rate for those hours worked in excess of forty (40) per week as required by the FLSA.

19. Defendant has violated Title 29 U.S.C. § 207 from at least October 2010 through October 2011 and continuing to date, in that:

      a.    Plaintiff worked in excess of forty (40) hours per week for the period in which he was employed with Defendant;

      b.    No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and a half times Plaintiff's regular rate for those hours worked in excess of forty (40) per workweek as provided by the FLSA; and

      c.    Defendant has failed to maintain proper time records as mandated by the FLSA.

20. Plaintiff has retained THE LAW OFFICES OF ROBERT RUBENSTEIN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

21. Plaintiff adopts the allegations in paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22. From at least October 2010 through October 2011, Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and a half times Plaintiff's regular rate of pay.

23. Plaintiff was and is entitled to be paid at the statutory rate of one and a half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40).

24. At all times material hereto, Defendant failed and continues to fail to maintain proper time records as mandated by the FLSA.

25. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one

4

and a half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) per week, plus liquidated damages.

26. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

27. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with respect to those similarly situated to Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees for fewer hours than they actually worked.

28. Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff were not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more than forty (40) hours or more hours in a workweek, Defendant has failed to properly pay Plaintiff and those similarly situated to him their proper overtime wages for such hours.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

      d.      Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

      e.      Awarding Plaintiff prejudgment interest; and

      f.      Ordering any other further relief the Court deems just and proper.

**COUNT II**
**DECLARATORY RELIEF**

29.   Plaintiff adopts all allegations in paragraph 1 through 28 as if fully set forth herein.

30.   Plaintiff and Defendant have an FLSA dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331 as a federal question exists.

31.   The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

32.   Plaintiff may obtain declaratory relief.

33.   Defendant employed Plaintiff.

34.   Defendant is an enterprise.

35.   Plaintiff was individually covered by the FLSA.

36.   Defendant failed to pay Plaintiff for all hours worked.

37.   Plaintiff is entitled to overtime pursuant to 29 U.S.C. § 207(a)(1).

38.   Defendant did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

39.   Defendant did not rely upon a good faith defense.

40.   Plaintiff is entitled to an equal amount of liquidated damages.

41.   It is in the public interest to have these declarations of rights recorded.

42.   Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

43. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

44. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands a declaration of rights finding that an employer-employee relationship existed, Plaintiff worked over forty hours in a work week without receiving correct overtime compensation pursuant to the FLSA, Defendant failed to keep accurate time records, Defendant failed to prove a good faith defense, Plaintiff is entitled to minimum wage compensation, overtime compensation, liquidated damages and reasonable attorney's fees and costs pursuant to the FLSA.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right by jury.

DATED this 19th day of April, 2012.

Respectfully submitted,

_____
Matthew J. Allen, Esq.
Florida Bar Number 88524
Law Offices of Robert Rubenstein, P.A.
9350 South Dixie Highway, Suite 1110
Miami, Florida 33156
305-661-6000, Facsimile 305-670-7055
Matthew@RobertRubenstein.com
Trial Counsel for Plaintiff